USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/2/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DENIS AROSTEGUI,

                            Plaintiff,

         -v-

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

------------------------------------------------------------X

14 Civ. 7381 (PAE) (RLE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Denis Arostegui brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), which denied Arostegui's application for disability benefits. The Commissioner moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Before the Court is the February 10, 2016 Report and Recommendation of the Hon. Ronald L. Ellis, United States Magistrate Judge, recommending that the Court deny the Commissioner's motion and remand this case to the Commissioner for further development of the record. Dkt. 24 ("Report"). For the following reasons, the Court adopts the Report in full.

**I.    Background**[1]

      Arostegui worked as a home health aide from 1998 until 2011. She claims that she became disabled on May 6, 2011 due to multiple impairments, including back, leg, and foot pain; chronic depression; urinary difficulties; and hypertension.

---

[1] The Court's summary of the facts is drawn from the detailed account of the facts provided in the Report, to which neither party objects. The Court adopts in full the Report's recitation of the facts.

On August 16, 2011, Arostegui filed an application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits. After the Social Security Administration denied her application, she requested and was granted a hearing before an Administrative Law Judge ("ALJ"). On June 22, 2012 and January 30, 2013, Arostegui appeared and testified at a hearing before ALJ Seth I. Grossman, where she was represented by a non-attorney and provided translation by a Spanish interpreter.

On February 21, 2013, the ALJ issued a decision concluding that Arostegui was not disabled within the meaning of the Social Security Act. The ALJ determined that Arostegui retains a residual functional capacity that allows her to perform sedentary work and that she was capable of performing other work because, *inter alia*, she was able to communicate in English. On August 21, 2014, the Appeals Council denied Arostegui's request for review of the ALJ's decision, making the ALJ's decision the Commissioner's final decision.

On September 10, 2014, Arostegui commenced this action. Dkt. 1 ("Complaint"). On September 23, 2014, the Court referred this case to Magistrate Judge Ronald L. Ellis. Dkt. 6. On May 27, 2015, the Commissioner filed a certified copy of the administrative record. Dkt. 17. On June 1, 2015, the Commissioner filed a motion for judgment on the pleadings, seeking affirmance of the Commissioner's decision and dismissal of the Complaint, Dkt. 20, along with a supporting memorandum of law, Dkt. 21. Arostegui's response to the motion was due October 9, 2015. To date, Arostegui has not responded.

On February 10, 2016, Judge Ellis issued the Report, recommending that the Court deny the Commissioner's motion for judgment on the pleadings and remand to the Commissioner for further development of the record. Dkt. 24. The Report found two areas requiring remand for further development. First, the Report concluded that the ALJ failed to properly assess

2

Arostegui's credibility regarding her pain and psychiatric symptoms. Report at 27–30. Second, the Report concluded that the ALJ's finding that Arostegui is able to perform other work because, *inter alia*, she can communicate in English was not supported by substantial evidence. Report at 30–32. Accordingly, the Report recommended remanding this case to the Commissioner for (1) development of "a full and fair record of [the ALJ's] assessment of the credibility of Arostegui's testimony regarding her pain and other psychiatric symptoms," Report at 30; and (2) "additional findings regarding Arostegui's proficiency in English and, relatedly, her ability to perform other work," Report at 32.

The deadline for the parties to file objections to the Report was February 24, 2016. *See* Report at 33 (giving the parties 14 days from service of the Report to file written objections). To date, no objections have been filed.

## II.   Discussion

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted); *see also* 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (citation omitted).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y.

Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Because neither party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Ellis's thorough and well-reasoned Report reveals no facial error in its conclusions. On the contrary, the Court agrees with the Report's conclusions that the ALJ failed to adequately analyze Arostegui's credibility regarding the symptoms that she claims prevent her from working, and that the ALJ's finding that Arostegui is able to perform other work because she can communicate in English was not supported by substantial evidence. On remand, the Commissioner is directed, consistent with Judge Ellis's Report, to (1) re-examine and explain his conclusions regarding Arostegui's credibility about her pain and other psychiatric symptoms; and (2) to make additional findings regarding Arostegui's proficiency in English and, relatedly, her ability to perform other work. The Report, which is incorporated by reference herein, is therefore adopted in its entirety.

Because the Report explicitly states that "[f]ailure to file timely objections shall constitute a waiver of those objections in both the District Court and on later appeal," Report at 33, the failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the reasons articulated in the Report, the Court denies the Commissioner's motion for judgment on the pleadings and remands this case to the Commissioner for further proceedings

4

consistent with this Opinion and the Report. The Clerk of Court is directed to terminate the motion pending at docket number 20, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 2, 2016
       New York, New York